George Eugene COLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 55339.

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Robert J. Wilson, Burleson, for appellant.

Daniel M. Boulware, County Atty., Cleburne, J. L. Phinney, II, City Atty., Burleson, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was found guilty of the offense of "negligent collision" in the municipal court of the City of Burleson. An appeal with trial de novo was heard in the county court. This is an appeal from the conviction in the county court. The punishment assessed was a fine of $101.00.

Prior to trial the appellant moved the court to dismiss the complaint because it failed to comply with requirements of Article 21.15, V.A.C.C.P. and V.T.C.A. Penal Code, Chapter 6. The court's failure to dismiss the complaint was error.

Article 21.15, V.A.C.C.P. provides:

"Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence."

The complaint in the instant case, in pertinent part, reads:

". . . that one George Eugene Cole on (or about) the 24th day of July A.D. 1975, . . . did then and there unlawfully and willfully while operating a motor vehicle in said City and County, said motor vehicle being then and there under the exclusive direction and control of the said George Eugene Cole, with negligence, to-wit: did then and there fail to exercise such care and caution as a person of ordinary prudence would have used under like or similar circumstances, in that he permitted or suffered a motor vehicle under his control to collide and be in collision with another motor vehicle that was proceeding on State Highway #174, in violation of Article 4, Section 1 of Burleson City Ordinance B–17; . . ."

In construing Article 408a, V.A.C.C.P., 1925, the statute from which Article 21.15, V.A.C.C.P., 1965 was derived, it was held that pleadings which failed to allege the act of negligence relied upon rendered the pleadings fatally defective. See *Scott v. State*, 171 Tex.Cr.R. 53, 344 S.W.2d 457 (1961); *Short v. State*, 387 S.W.2d 50 (Tex. Cr.App.1965); *Jones v. State*, 388 S.W.2d 716 (Tex.Cr.App.1965).

The complaint is insufficient because it fails to allege the act or acts relied upon to constitute negligence.

In the event of another trial we call attention to V.T.C.A. Penal Code, Section 6.02, which provides:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge or recklessness suffices to establish criminal responsibility.

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

"(1) intentional;

"(2) knowing;

"(3) reckless;

"(4) criminal negligence.

"(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."

It would now appear that not simple negligence but criminal negligence is the lowest degree of conduct for imposing criminal responsibility. See *Bocanegra v. State*, 552 S.W.2d 130 (Tex.Cr.App.1977).

■ In response to counsel's request that we construe and determine the constitutionality of the city ordinance upon which this charge was based, we note that there is not a transcription of the court reporter's notes (statement of facts) in the record showing that the ordinance relied upon was introduced in evidence before the trial court. It is not sufficient that a certified copy of the ordinance appears in the transcript prepared by the clerk of the court. This Court will not take judicial notice of a city ordinance; *Patton v. State*, 112 Tex.Cr.R. 351, 16 S.W.2d 1072 (1929); *Peach v. State*, 498 S.W.2d 192 (Tex.Cr.App.1973).

Since the complaint does not allege a specific act of negligence, the judgment is reversed and the prosecution under this complaint is ordered dismissed.

Opinion approved by the Court.