# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00623-CR

**The State of Texas, Appellant**

**v.**

**Kathleen McCoy, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT NO. 2000-095, HONORABLE GARY L. STEEL, JUDGE PRESIDING

A grand jury indicted appellee Kathleen McCoy for two counts of manslaughter. *See* Tex. Penal Code Ann. § 19.04 (West 1994). The district court dismissed the indictment on appellee's motion and the State appeals. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2001). We will affirm the district court's order.

Each count of the indictment alleges that McCoy "recklessly cause[d] the death of an individual, namely [named victim], to-wit: said Defendant did then and there drive a motor vehicle, in which the said [victim] was a passenger, into the waters of a flood, thereby causing the said [victim] to drown." McCoy moved to quash the indictment on four grounds: (1) "the facts stated do not constitute an offense"; (2) the indictment "does not have the requisites required by Chapter 21 of the Texas Code of Criminal Procedure"; (3) the indictment "is vague, indefinite, ambiguous and uncertain and does not set forth [the alleged violation] in plain and intelligible language"; and (4) the indictment "does not meet the requirements of Article 21.15 of the Texas Code of Criminal

Procedure." In addition to the statutory references, the motion cited the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Texas Constitution. The order granting the motion does not state the ground or grounds on which it is based, but in a letter to the parties announcing the ruling, the trial judge opined that the indictment does not "allege[] an identifiable offense against the law."

The parties agree that the adequacy of the indictment is a question of law, and that the district court's ruling is subject to de novo review. *See State v. Hoffman*, 999 S.W.2d 573, 574 (Tex. App.—Austin 1999, no pet.) (whether indictment alleged offense was question of law subject to de novo review); *see also Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997) (purely legal questions reviewed de novo); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (mixed questions of law and fact not turning on credibility may be reviewed de novo). *But see Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. 1981) (op. on reh'g) (motion to quash on notice grounds is committed to "sound discretion" of trial court); *State v. Czaplinski*, 956 S.W.2d 839, 841 (Tex. App.—Austin 1997, no pet.) (same); *State v. Draper*, 940 S.W.2d 824, 826 (Tex. App.—Austin 1997, no pet.) (same).

In its brief to this Court, the State addresses all of the contentions made in the motion to quash and argues that none of them state a proper basis for dismissing the indictment. Because we conclude that the indictment is substantively defective under article 21.15, we will confine our discussion to that issue.

Article 21.15 provides:

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

Tex. Code Crim. Proc. Ann. art. 21.15 (West 1989). Article 21.15 imposes two requirements on an indictment alleging reckless misconduct. First, the indictment must allege with reasonable certainty the act or acts relied on to constitute the forbidden conduct committed with recklessness. *Graham v. State*, 657 S.W.2d 99, 104 (Tex. Crim. App. 1983). Second, the indictment must allege with reasonable certainty the acts or circumstances relied on to demonstrate that the forbidden conduct was committed in a reckless manner. *Gengnagel v. State*, 748 S.W.2d 227, 228-30 (Tex. Crim. App. 1988).[1]

In *Graham*, a prosecution for criminally negligent homicide, the indictment alleged that the defendant

> cause[d] the death of [the victim] . . . by criminal negligence, namely; by operating a motor vehicle on a public highway and causing his vehicle to collide with a motor vehicle occupied by the deceased, said collision being caused by the defendant's engaging in a contest of speed, his failure to obey a traffic control signal . . . , his failure to keep a proper lookout . . . , his failure to maintain his vehicle under proper control by operating it at a greater rate of speed than was reasonable and prudent

---

[1] Our discussion draws on the analysis found in 41 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* §§ 20.83, .122 (Texas Practice 1995).

3

under conditions then existing, and his failure to guide his vehicle away from the vehicle he struck.

657 S.W.2d at 103. This indictment alleged the act constituting the forbidden conduct ("causing his vehicle to collide with a motor vehicle occupied by the deceased") and the acts demonstrating that this conduct was committed with criminal negligence ("by the defendant's engaging in a contest of speed, his failure to obey a traffic control signal," *et cetera*).

In *Gengnagel*, a prosecution for indecent exposure, the indictment alleged that the defendant "expose[d] . . . his genitals . . . recklessly . . . to-wit: exposition of his genitals by the defendant to complainant." 748 S.W.2d at 228. This indictment alleged the act constituting the forbidden conduct ("exposed . . . his genitals"), but it did not comply with article 21.15 because it did not allege acts or circumstances which would show that this conduct was committed recklessly. *Id*. at 230.

*Cole v. State*, 556 S.W.2d 343 (Tex. Crim. App. 1977), was a prosecution for what the court termed "negligent collision." *Id*. at 344. The indictment alleged that the defendant "permitted or suffered a motor vehicle under his control to collide and be in collision with another motor vehicle." *Id*. As in *Gengnagel*, the indictment alleged the act constituting the forbidden conduct, but it did not comply with article 21.15 because it failed to allege the act or acts relied on to demonstrate negligence. *Id*.

We agree with the State that the indictment before us alleges with reasonable certainty the act relied on to constitute the forbidden conduct committed recklessly: McCoy recklessly caused the victims' deaths by "driv[ing] a motor vehicle . . . into the waters of a flood, thereby causing the

4

[victims] to drown."  We also agree that as a general rule the State is not required to plead evidentiary facts.  *See State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); *Beck v. State*, 682 S.W.2d 550, 554 (Tex. Crim. App. 1985); *Thomas*, 621 S.W.2d at 161.  But article 21.15 requires the State to plead with reasonable certainty the acts or circumstances on which it will rely to prove that the forbidden conduct was committed recklessly.  *Gengnagel*, 748 S.W.2d at 229-30; *Cole*, 556 S.W.2d at 343.  Like the indictments in *Gengnagel* and *Cole*, the indictment in this cause does not allege, with reasonable certainty or otherwise, the acts or circumstances demonstrating that McCoy's conduct was committed recklessly.

Other manslaughter cases cited by the State are distinguishable.  In *Townsley v. State*, 538 S.W.2d 411 (Tex. Crim. App. 1976), the indictment alleged that the defendant recklessly caused the victim's death "by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over, thereby fatally injuring the said [victim]."  *Id.*  This indictment, which was held to satisfy article 21.15, alleged both the act constituting the forbidden conduct committed recklessly ("causing said vehicle to run off the roadway and roll over, thereby fatally injuring the said [victim]") and the act demonstrating recklessness ("by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer").

In *Arredondo v. State*, 582 S.W.2d 457 (Tex. Crim. App. 1979), the indictment alleged that the defendant recklessly caused the victim's death "by grabbing the steering wheel of a motor vehicle and pulling said steering wheel to the right . . . thereby recklessly causing said motor vehicle to veer to the right and strike the said [victim]."  *Id.* at 458.  Once again, the indictment

5

alleged the act constituting the forbidden conduct ("causing said motor vehicle to veer to the right and strike the said [victim]") and the act demonstrating recklessness ("grabbing the steering wheel of a motor vehicle and pulling said steering wheel to the right").

In *Crume v. State*, 658 S.W.2d 607 (Tex. Crim. App. 1983), the indictment alleged that the defendant "cause[d] his vehicle to collide with the Complainant recklessly causing the death of the Complainant, by failing to guide his vehicle away from the Complainant and by failing to keep a lookout for the Complainant." *Id*. at 608. This indictment also alleged both the act constituting the forbidden conduct committed recklessly ("cause his vehicle to collide with the Complainant") and the act or circumstance relied on to demonstrate recklessness ("failing to keep a lookout for the Complainant"), and was deemed to comply with article 21.15. *Id*.[2]

The allegation of the acts or circumstances on which the State relies to demonstrate that the forbidden conduct was committed recklessly is necessary for a valid charging instrument

---

[2] The State also refers us to several court of appeals opinions applying article 21.15. We will not lengthen this opinion by discussing each in detail. In *LaSalle v. State*, 973 S.W.2d 467, 474-75 (Tex. App.—Beaumont 1998, pet. ref'd), the indictment alleged both the act committed recklessly and the acts demonstrating recklessness. In *Cruz v. State*, 838 S.W.2d 682, 684 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd), compliance with article 21.15 was not required under the holding in *Crawford v. State*, 646 S.W.2d 936, 937 (Tex. Crim. App. 1983) (indictment alleging that defendant acted intentionally, knowingly, and recklessly need not comply with article 21.15 requirements). To the extent *State v. Flores*, 878 S.W.2d 651, 653 (Tex. App.—Corpus Christi 1994), *aff'd on other grounds*, 896 S.W.2d 198 (Tex. Crim. App. 1995), and *State v. Emanuel*, 873 S.W.2d 108, 109-10 (Tex. App.—Dallas 1994, no pet.), suggest that article 21.15 does not require an indictment to allege both the conduct committed recklessly and the acts or circumstances demonstrating recklessness, they are contrary to *Graham* and *Gengnagel*.

6

under article 21.15. *Gengnagel*, 748 S.W.2d at 229. The absence of such an allegation is a substantive defect. *Id*. The district court did not err by granting the motion to quash.[3]

The order dismissing the indictment is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: July 26, 2001

Publish

---

[3] We have reviewed de novo the district court's ruling, but would reach the same result under an abuse of discretion standard of review. *See Thomas*, 621 S.W.2d at 163-64.