# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00366-CR

**Kevin Hartman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 619188, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## O P I N I O N

Appellant Kevin Hartman was charged with the offense of driving while intoxicated (DWI). *See* Tex. Pen. Code Ann. ' 49.04 (West 2003). The county court at law denied appellant=s motion to suppress his statements to the police and his field sobriety tests. Appellant pled no contest to the charge and was convicted and sentenced, and appeals the pretrial order denying his motion to suppress. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of August 17, 2002, Austin Police Officer Russell Smith, who was running stationary radar in the 9200 block of Manchaca Road, stopped appellant for speeding. The offense report lists the time as 12:18 a.m. and records appellant=s speed as 45 miles per hour in a 45 mph zone. Officer Smith testified that the report contained a typographical error and that appellant was actually driving 57 mph in a 45 mph zone. When Officer Smith pulled appellant=s car over, appellant was polite and cooperative and provided his license information. Officer Smith observed that appellant had difficulty locating his license and fumbled with it, was thick-tongued and slurred his speech, and had a strong odor of alcohol on his breath. Appellant admitted to having consumed several drinks. Officer Smith did not determine that there was probable cause to arrest appellant and did not issue a speeding ticket at that time.

Despite his suspicions that appellant was intoxicated, Officer Smith did not immediately administer field sobriety tests; instead, he called Corporal Cost to the scene, because Cost was Smith=s backup officer, and because Corporal Cost had a video camera in his car while Officer Smith did not. It is the Austin Police Department=s recommended procedure to call for a backup officer and to videotape field sobriety tests. While awaiting Corporal Cost, Officer Smith asked appellant to remain in his vehicle. Appellant did not ask whether he was free to go, nor did he drive away. Officer Smith testified that, had the appellant left, he would not have attempted to pursue appellant to take him into custody, but would have reported him as Aevading.@ Corporal Cost arrived in five to fifteen minutes, after which Officer Smith administered three standardized field sobriety tests, concluded that appellant was intoxicated, and arrested him for driving while intoxicated.

After a hearing in which the arresting officer testified, the court denied appellant=s motion to suppress appellant=s statements and any testimony regarding field sobriety tests. Appellant submitted a letter brief with attached cases seeking reconsideration, and the state replied; the county court reaffirmed the ruling denying the motion to suppress. Appellant then pled guilty, preserving the right to appeal the ruling on the motion to suppress. The county court at law found him guilty and sentenced him to ninety days in jail, suspended with community supervision for eighteen months, and a $1200 fine.

Appellant raises one point of error: that the trial court erred in denying his motion to suppress all evidence gathered after the traffic stop allegedly became an illegal arrest.

**STANDARD OF REVIEW**

In reviewing a ruling on a motion to suppress evidence, the appellate court will usually have facts established by the trial court, to which the law must be applied. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Because the trial court is the sole trier of fact, but the appeals court must determine the law, the trial court=s ruling on a motion to suppress will be reviewed using a bifurcated standard. *Id.* at 855-56. In this review, we give almost total deference to the trial court=s determination of the facts but review the court=s application of search and seizure law *de novo*. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Here, the county court at law did not make explicit findings of fact, so we review the evidence in the light most favorable to the trial court=s ruling and assume that the trial court made implicit findings of fact

3

supported by the record. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (citing *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000)).

## DISCUSSION

Appellant=s sole point of error on appeal concerns the legality of the five- to fifteen- minute detention following the initial stop. Appellant does not contend that Officer Smith lacked reasonable suspicion to detain, nor that the initial stop was unlawful. Instead, he claims that the investigative detention of five to fifteen minutes was unreasonable because Officer Smith did not conduct any investigation during the time he waited for Corporal Cost and the video equipment. He urges that this unreasonableness transformed the lawful detention into an illegal warrantless arrest without probable cause, and therefore the county court at law erred by overruling appellant=s motion to suppress.

The State responds that the five- to fifteen-minute detention was reasonable because it was necessary to effectuate law enforcement purposes and because it intruded only minimally on appellant=s liberty interests. Because the detention did not amount to an illegal arrest, the State asserts, the county court at law properly declined to exclude evidence gathered in association with it.

An investigative detention in which the subject is not free to leave is a seizure for purposes of the Fourth Amendment to the United States Constitution and article I, section 9 of the Texas Constitution. *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). Detentions during traffic stops constitute seizures and must be reasonable. *Whren v. United States*, 517 U.S. 806, 809 (1996); *Delaware v. Prouse*, 440 U.S. 648, 653-654 (1979). The United States Supreme Court has adopted a

4

dual inquiry to determine the reasonableness of an investigative detention: (1) whether the officer=s action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place. *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968). Texas applies the *Terry* inquiry and follows this line of federal precedent. *See, e.g.*, *Carmouche*, 10 S.W.3d at 327-28 (applying *Terry* inquiry); *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997) (holding that *Terry* applies in Texas); *Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997) (finding no reason to employ different inquiry under Texas Constitution). Because appellant admits that the officer=s action was justified at its inception, we are only concerned with whether it was reasonably related in scope to the circumstances which justified the interference in the first place. A stop that was justified at its inception may become unreasonable if it does not satisfy the second part of the inquiry. *Davis*, 947 S.W.2d at 243. Appellant claims that this stop became unreasonable at some point during the five to fifteen minutes.

Texas courts recognize certain factors in judging the reasonableness of an investigative detention. An investigative detention must be reasonably related in scope to the circumstances that originally justified the interference. *Id.* at 244. It must be temporary and last no longer than necessary to effectuate the purposes of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983); *Davis*, 947 S.W.2d at 245. The investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer=s suspicion in a short period of time. *Davis*, 947 S.W.2d at 245. An investigative detention requires an actual investigation; where no investigation is undertaken, the detention cannot be considered investigatory and rises to the level of an arrest. *Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App.

5

1991); *see Josey v. State*, 981 S.W.2d 831, 839 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d) (listing foregoing as Aparameters that define the reasonableness of an investigative detention@).

Appellant=s argument concerns the temporal duration of the traffic stop. Although the length of the detention may render a *Terry* stop unreasonable, there is no rigid bright-line time limitation. *United States v. Sharpe*, 470 U.S. 675, 685-86 (1985). Instead, common sense and ordinary human experience must govern over rigid criteria. *Id*. at 685. The reasonableness of the detention depends on whether the police diligently pursued a means of investigation that was likely to dispel or confirm their suspicions quickly, during which time it was necessary to detain the defendant. *Id*.; *Balentine*, 71 S.W.3d at 770-71. Appellant concludes that, because Officer Smith did not perform field sobriety tests alone and without the aid of a video camera while they waited for the arrival of Corporal Cost, Officer Smith did not diligently pursue a means of investigation likely to quickly dispel or confirm his suspicions.[1] Given such conditions, appellant argues, a detention of even a five-minute duration is unreasonable and becomes an illegal arrest.

---

[1] Appellant also asserts that the seizure could not have been an *investigative* detention under *Burkes v. State*, 830 S.W.2d 922 (Tex. Crim. App. 1991), because Officer Smith did not investigate. However, *Burkes* concerned a situation in which no investigation was undertaken, and in which the defendant was never questioned, but taken immediately into custody by being handcuffed on the ground. *Id*. at 925. This case, in contrast, does not involve a situation in which no investigation was undertaken, but one in which the participants awaited another officer=s arrival in order to facilitate the investigation.

The State responds by pointing out that, while the brevity of the invasion of the individual=s interests is an important factor, courts Ahave emphasized the need to consider the law enforcement purposes to be served by the stop as well as the time reasonably needed to effectuate those purposes.@ *Sharpe*, 470 U.S. at 685. Reasonable purposes include investigation, maintenance of the status quo, and officer safety, considering the totality of the circumstances. *Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997); *see also Josey*, 981 S.W.2d at 841 (ASafety and security reasons may justify moving a suspect from one location to another during an investigatory stop.@). Here, Officer Smith gave the following purposes for the detention: to investigate and collect evidence of a possible DWI, to secure the scene, to comply with department procedure, and for officer safety. Corporal Cost brought a video camera, which enabled Officer Smith to gather objective evidence during the field sobriety tests.[2] Waiting for five to fifteen minutes

---

[2] The existence of a videotaped record will often benefit DWI defendants, many of whom would prefer to let the judge or jury see the tests first hand instead of relying on an officer=s observations. By waiting for Corporal Cost, Officer Smith preserved this possibility.

was reasonable because it was necessary to effectuate these law enforcement purposes.[3] We conclude that the investigative detention in this case was reasonable and did not evolve into an illegal, warrantless arrest.

Appellant argues that it is always unreasonable for an officer who has the training and ability to collect evidence to detain a citizen while waiting for aid. Appellant emphasizes that Officer Smith was fully qualified to conduct field sobriety tests and contrasts this with *Sharpe*, which involved DEA Agent Cooke and a highway patrolman, Thrasher. Cooke and Thrasher apprehended Sharpe and Savage (who were traveling together in two vehicles) separately, because Savage initially refused to pull his truck over, though Sharpe had immediately complied. *Sharpe*, 470 U.S. at 678-79. Savage=s twenty-minute detention, including time spent waiting for officers to arrive on the two scenes, was not unreasonable because the officers pursued their investigation diligently and without illegitimate unnecessary delay. *Id*. at

---

[3] The Texas Court of Criminal Appeals interprets the language from *Florida v. Royer*, 460 U.S. 491, 500 (1983), Aan investigative detention must be no longer than is necessary to effectuate the purpose of the stop,@ to mean that once the reason for the stop has been satisfied, police may not Afish@ for evidence of other unrelated criminal activity. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). In *Davis*, the original stop was for a DWI investigation, but after the officers satisfied themselves that the driver was not intoxicated, they detained the driver and passenger until a drug dog could arrive to sniff the car. *Id*. at 242. AThe purpose of the investigative detention was effectuated when the officers determined appellant was not intoxicated.@ *Id*. at 245. Here, the purpose of the investigative detention was effectuated when Officer Smith determined that Appellant was intoxicated and arrested him.

687. In a footnote, the court remarks that it was appropriate for Officer Thrasher to detain Savage pending Agent Cooke=s arrival because Thrasher lacked Cooke=s training and experience in narcotics investigation. *Id*. at 687 n.5. However, what the case holds is that a twenty-minute detention is not *per se* unreasonable where police diligently pursue an investigation, not that waiting for backup is only permissible when investigation would otherwise be utterly impossible. *Id*. at 687-88. *See Balentine*, 71 S.W.3d at 771 (holding investigative detention of thirty to sixty minutes reasonable because questioning lasted no longer than necessary and officer employed no dilatory tactics); *Josey*, 981 S.W.2d at 841 (permitting ninety-minute detention involving taking vehicle and suspect to another locale for drug dog investigation because Athe officers did not continue to hold appellant after all legitimate components of the investigative detention had been completed@); *cf. United States v. Place*, 462 U.S. 696, 709 (1983) (holding ninety-minute delay in bringing drug dog to airport when officers had advance notice of time and place of suspect=s arrival was not diligent pursuit of investigation).

Although it is possible that Officer Smith could have conducted unrecorded field sobriety tests on his own, the key inquiry is not whether a less intrusive alternative was available to law enforcement officials, but whether the police acted unreasonably in failing to choose that alternative. *Sharpe*, 470 U.S. at 687 (quoting *Cady v. Dombrowski*, 413 U.S. 433, 437 (1973)). It was reasonable for Officer Smith to call for backup and to use a video camera to add a degree of certainty to the otherwise highly subjective field sobriety tests performed, even though this necessitated a short wait. Officer Smith followed police department procedure and was not dilatory in his investigation. *See Id*. It is important to allow authorities to graduate their responses to the demands of a particular situation. *Place*, 462 U.S. at 709 n.10.

9

Because the detention was reasonable and did not exceed its proper scope, it did not rise to the level of an illegal arrest. We hold that the county court at law did not err in denying appellant=s motion to suppress evidence obtained as a result of the investigatory detention. Therefore, we overrule appellant=s point of error.

## CONCLUSION

Appellant=s point of error is overruled. We affirm the judgment of the county court at law.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed:   April 29, 2004

Publish