Order filed August 31, 2006
















 
 
  
 
 







 
 
  
 
 




Order filed August 31, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00292-CR 

                                                    __________

 

                                 DERRICK SHANE BOYD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                           Erath County, Texas

 

                                                   Trial
Court Cause No. 35,642

 



 

                                                                     O
R D E R

 

We grant
the State=s motion for rehearing in this case;
withdraw our previous opinion and judgment dated July 20, 2006; and issue the
following opinion and judgment dated August 31, 2006.

 

August 31, 2006                                                                                   TERRY
McCALL

Do not publish this page only.  See Tex.
R. App. P. 47.2(b).               JUSTICE

Panel consists of:  Wright, C.J., and

McCall, J., and Strange, J.











 
 
  
 
 







 
 
  
 
 




Opinion filed August 31, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                 ____________

 

                                                          No. 11-04-00292-CR 

                                                    __________

 

                                 DERRICK SHANE BOYD, Appellant

 

                                                             V.

 

                                        STATE OF TEXAS, Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                           Erath County, Texas

 

                                                   Trial
Court Cause No. 35,642

 



 

                                                                   O
P I N I O N

 

Derrick Shane Boyd appeals his conviction for
interference with the duties of a peace officer.  Tex.
Pen. Code Ann. '
38.15 (Vernon
Supp. 2006).  After the jury found
appellant guilty, the trial court sentenced him to seventy-two hours in the
Erath County Jail and assessed a $400 fine and $213 court costs.  In appellant=s
first point of error, he argues that the trial court erred in failing to quash
the information because the information did not meet the requirements of Tex. Code Crim. Proc. Ann. art. 21.15 (Vernon 1989).  In his second point of error, he argues that
the evidence was legally insufficient to support the conviction.  We affirm.








Standard of Review

The sufficiency of an indictment or information is
a question of law.  State v. Moff,
154 S.W.3d 599, 601 (Tex.
Crim. App. 2004).  When the resolution of
a question of law does not turn on an evaluation of the credibility and
demeanor of a witness, as in this case, the trial court=s
ruling is subject to de novo review. Moff, 154 S.W.3d at 601.

In reviewing claims of legal sufficiency of the
evidence, we review all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.  2000); Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996).  Due deference
must be given to the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.
Crim. App. 2000); Jones v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).

Background Facts

The State called only one witness, Stephenville
Police Officer Brandon Boen.  Appellant
neither testified nor called any witnesses. 
The following is a summary of Officer Boen=s
testimony.

At about 2:00 a.m., Officer Boen and Officer
Brandon West were dispatched to the residence of the Delta Chi Fraternity to
investigate a loud noise coming from the house. 
The Stephenville Police Department had previously received numerous
disorderly conduct complaints about the residence, and officers had been sent
to the residence eight times prior to this 
investigation.  As they approached
the house, the officers heard a lot of loud talking and music coming from the
house that Officer Boen described as being Aan
unreasonable amount of noise.@  Officer Boen knocked on the front door
several times and announced that he was a Stephenville police officer.  No one came to the door.








Appellant came out into the carport area and
looked at the officers.  When Officer
Boen asked appellant to come talk to them, appellant instead went back into the
house.  The officers then heard doors
being locked from the inside.  A few
minutes later, however, Gregory Cichon came out into the carport area.  Officer Boen went to the carport area to talk
to Cichon about the noise complaint. Officer Boen realized that the police
department had cited Cichon for a noise violation on a previous occasion and
asked Cichon to bring out the other individuals in the house.  Cichon agreed; but, when Officer Boen asked
Cichon to leave the door to the house open, Cichon refused and started to close
the door.  When it became clear that
Cichon was not going to cooperate, Officer Boen placed Cichon in custody.

While the officers were detaining Cichon,
appellant and several others came out and began questioning the officers.  Appellant began to tell the officers that
they had no legal right to be at the house and no right to take Cichon into
custody.  When Officer Boen asked
appellant if he lived at the house, appellant said that he did.  Appellant continued to be verbally aggressive
with the officers, and there was a strong smell of alcohol emanating from all
the participants.

Officer Boen asked appellant to come down the
steps into the carport for a talk. 
Officer Boen planned to identify appellant and then place him under
arrest for disorderly conduct.  Appellant
told Officer Boen that he was not going to step down into the carport and
started back into the house, attempting to shut the screen door.  Officer Boen described the next events as
follows:

He proceeded to try to pull away from us.  He kept his arms inside.  We were trying to get his arms out to detain
him.  During the scuffle, we got knocked
into the kitchen table. . . . I got a chance to grab a hold of his arm.  I performed a straight-arm takedown. . . .
[W]e took the subject to the ground, placed him in handcuffs and took him into
custody for the DOC [disorderly conduct complaint].

 

Officer Boen said that he believed that he had probable cause to
arrest appellant for the disorderly conduct noise.  After identifying appellant, the officers
determined that he had been drinking alcohol despite being under the age of twenty-one.

The officers placed Cichon and appellant in
separate patrol cars and then completed their investigation of the noise
disturbance.  They went inside the
residence, determined that no other resident was there, cleared and secured the
house, and then left.

Motion to Quash the Information

Appellant was charged and convicted under Section
38.15(a)(1) of the Texas Penal Code which states that it is an offense to
interfere with the public duties of peace officers, emergency medical service
providers, firefighters, corrections officers, jailers, and animal control
officers.  Section 38.15(a)(1) provides:

(a) A person commits an offense if the person with
criminal negligence interrupts, disrupts, impedes, or otherwise interferes
with:

 

(1) a peace officer while the peace officer is
performing a duty or exercising authority imposed or granted by law.

 








Thus, the State had to allege and prove the
essential element that appellant had the culpable mental state of criminal
negligence.  Tex. Pen. Code Ann. '
6.03(d) (Vernon 2003) defines criminal negligence:

A person acts with criminal negligence, or is
criminally negligent, with respect to circumstances surrounding his conduct or
the result of his conduct when he ought to be aware of a substantial and
unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree
that the failure to perceive it constitutes a gross deviation from the standard
of care that an ordinary person would exercise under all the circumstances as
viewed from the actor=s
standpoint.

 

Appellant argues that the information should have
been quashed because it failed to put appellant on notice of his unlawful
conduct so that he could prepare a proper defense.  Specifically, appellant contends that the
information failed to allege any specific acts of criminal negligence as
required by Tex. Code Crim. Proc. Ann.
art. 21.15 (Vernon
1989).  Article 21.15 sets forth a
special pleading requirement applicable only when the prosecution relies on
recklessness or criminal negligence:

Whenever recklessness or criminal negligence
enters into or is a part or element of any offense, or it is charged that the
accused acted recklessly or with criminal negligence in the commission of an
offense, the complaint, information, or indictment in order to be sufficient in
any such case must allege, with reasonable certainty, the act or acts relied
upon to constitute recklessness or criminal negligence, and in no event
shall it be sufficient to allege merely that the accused, in committing the
offense, acted recklessly or with criminal negligence.  (emphasis added)

 

Appellant relies on State v. McCoy, 64
S.W.3d 90 (Tex. App.CAustin
2001, no pet.), which affirmed a trial court=s
dismissal of an indictment based on the defendant=s
motion to quash.  The indictment that court
found to be fundamentally defective alleged that Kathleen McCoy Arecklessly cause[d] the death of an
individual, namely [named victim], to-wit: 
said Defendant did then and there drive a motor vehicle, in which the said
[victim] was a passenger, into the waters of a flood, thereby causing the said
[victim] to drown.@  Id.
at 91.  The McCoy court began its
analysis by stating that Article 21.15 imposes two requirements on an
indictment alleging reckless misconduct:








First,
the indictment must allege with reasonable certainty the act or acts relied on
to constitute the forbidden conduct committed with recklessness.  Graham v. State, 657 S.W.2d 99, 104
(Tex.Crim.App.1983).  Second, the
indictment must allege with reasonable certainty the acts or circumstances
relied on to demonstrate that the forbidden conduct was committed in a reckless
manner.  Gengnagel v. State, 748
S.W.2d 227, 228-30 (Tex.Crim.App.1988).

 

McCoy, 64 S.W.3d at 92.

Citing Gengnagel, the McCoy court
reasoned that Article 21.15 required the State to plead with reasonable
certainty the acts or circumstances on which it would rely to prove the
forbidden conduct was committed recklessly and concluded that the indictment
did not allege with reasonable certainty the acts or circumstances Ademonstrating that McCoy=s conduct was committed recklessly.@ 
McCoy, 64 S.W.3d at 93. 
That omission was, thus, deemed a substantive defect.  McCoy, 64 S.W.3d at 94.  We decline to follow McCoy for two
reasons.

There is authority for declining to follow McCoy
because the information in this case met the precise text of Article 21.15 B it alleged the act relied upon to
constitute criminal negligence.  State
v. Emanuel, 873 S.W.2d 108 (Tex. App.CDallas
1994, no pet.); Cruz v. State, 838 S.W.2d 682 (Tex. App.CHouston [14th Dist.] 1992, pet. ref=d). 
We agreed with this interpretation of Article 21.15 in Cross v. State,
1998 WL 34200500 (Tex. App.CEastland
Feb. 26, 1998, pet. ref=d)
(not designated for publication).  But
even assuming that McCoy has correctly stated that there are two
requirements, we believe the same act or acts can satisfy both requirements B the act or acts relied on to
constitute the forbidden conduct and the act or acts relied on to demonstrate
that the forbidden conduct was committed in a reckless or criminally negligent
manner.  The notice of the act given by
the indictment in McCoy of driving a motor vehicle into the waters of a
flood causing the victim to drown would appear to have satisfied both
requirements.  Driving into the
floodwaters caused the victim to drown (act showing forbidden conduct), but one
can also infer that driving into floodwaters was criminally negligent (a
reasonable person should perceive the risk of harming a passenger when driving
into floodwaters).[1]

The same is true in the case before us.  The State alleged that appellant impeded the
police investigation by pulling away from the officer.  The information stated that appellant did
then and there:








[W]hile
B. West and/or B. Boen, a peace officer, was performing a duty or exercising
authority imposed or granted by law, to-wit: investigation of a loud noise
disturbance, with criminal negligence, interrupt, disrupt, impede, or interfere
with the said B. West and/or B. Boen by . . . trying to pull away from the
officer.

 

The act of impeding or interfering by Atrying
to pull away from the officer@
gave notice of the condemned conduct (the pulling away impeded and interfered
with the officers=
investigation) and gave notice of the act that constituted criminal
negligence.  As will be discussed under
appellant=s second
point of error, the jury could infer from appellant=s
pulling away that he intentionally and knowingly impeded Officer Boen=s investigation.  Tex.
Pen. Code Ann. '
6.02(e) (Vernon Supp. 2006) states that proof of a higher degree of culpability
(i.e., intentionally or knowingly) constitutes proof of the culpability charged
(i.e., criminal negligence).

Appellant also argues that the information should
have advised him of the Asubstantial
and unjustifiable risk@
that he should have perceived.  We
disagree.  The Court of Criminal Appeals
in Graham rejected the contention that the acts on their face must demonstrate
conclusively or inherently that the accused acted with recklessness or criminal
negligence.  Graham, 657 S.W.2d at
103-04.  Moreover, the information did
advise him of the risk that he would impede or interfere with the officers= investigation when he pulled away from
them.  We overrule appellant=s first point of error.

Legal Sufficiency of the Evidence

In arguing that the evidence was legally
insufficient to support his conviction, appellant cites Carney v. State,
31 S.W.3d 392 (Tex. App.CAustin
2000, no pet.), which appears to be the only reported appellate case involving
prosecution under Section 38.15. 
Appellant=s
reliance on Carney is misplaced. 
The information in Carney specifically limited the manner and
means allegedly used by the defendant in interfering with the police officer to
Ablocking entry into a residence.@ 
Id.
at 396.  The court found that there was
no evidence that the defendant was up against the door physically blocking the
officer=s
entry.  Thus, the court held that the
evidence was legally insufficient to support the conviction.  

The information in our case provided in part:

Derrick
Shane Boyd, did in the County of Erath and the State of Texas, then and there:
while B. Boen, a peace officer, was performing a duty or exercising authority
imposed or granted by law, to-wit: investigation of a loud noise disturbance,
with criminal negligence, interrupt, disrupt, impede, or interfere with the
said B. Boen by trying to pull away from the officer.

 








Appellant came out into the carport when the
officers knocked on the front door.  But
when Officer Boen asked appellant to talk to them, appellant went back inside,
and someone started locking doors from the inside.  Later, appellant berated the officers while
he was standing by the kitchen door at the top of three steps going into the
carport.  Officer Boen testified that he
again asked appellant to step down into the carport to talk with him, but
appellant refused and started back into the house.  Officer Boen stated that they grabbed
appellant, and appellant tried to pull away from him.  In this case, as opposed to Carney,
there was testimony to support the act alleged in the information.

Appellant states that he had a right to go back
into the house instead of stepping down into the carport to talk with Officer
Boen.  We disagree.  Officer Boen stated a number of times that he
was trying to investigate the noise disturbance, find out who lived in the
house, and find out who was present there at the time.  Although appellant said that he lived in the
house, it is clear from Officer Boen=s
testimony that little or no respect was shown to the officers and that no one
cooperated with their investigation.  The
officers were entitled to detain appellant for questioning.  A temporary detention is justified when the
detaining officer has specific articulable facts which, taken together with
rational inferences from those facts, lead him to conclude that the person
detained is, has been, or soon will be engaged in criminal activity.  Woods v. State, 956 S.W.2d 33, 38
(Tex. Crim. App. 1997).  Officer Boen
heard the unreasonably loud talk and music, confirmed that appellant resided in
the house, and was entitled to infer that appellant may have been responsible
for the loud noise violation.  An
investigative detention is a seizure under which the citizen is not free to
leave, but it must be reasonable under the Constitutions of the United States and Texas. 
Terry v. Ohio, 392 U.S. 1 (1968); Johnson v. State, 912
S.W.2d 227, 235 (Tex. Crim. App. 1995); Hartman v. State, 144 S.W.3d
568, 571 (Tex.
App.CAustin
2004, no pet.).  It was reasonable for
Officer Boen to detain appellant for questioning under the circumstances.  Appellant could have been charged with
evading arrest or detention.  Tex. Pen. Code Ann. ' 38.04 (Vernon 2003).  But the point is that Officer Boen had the
right to detain him for questioning.








The State was required to prove the essential
element that appellant had the culpable mental state of criminal negligence
when he impeded and interfered with Officer Boen=s
investigation.  However, Section 6.02(e)
provides that A[p]roof
of a higher degree of culpability than that charged constitutes proof of the
culpability charged.@  Although Officer Boen said that they pursued
appellant into the house to arrest him for Adisorderly
conduct noise violation,@
Officer Boen testified that, after putting Cichon and appellant in separate
cars, they went back Ato
further investigate,@
indicating that the investigation was continuing even while the officers
struggled with appellant.  The jury could
infer from Officer Boen=s
repeated statements that he was trying to investigate and from appellant=s act in pulling away that appellant
intentionally and knowingly impeded and interfered with Officer Boen=s investigation.

Having reviewed all of the evidence in the light
most favorable to the verdict, we find that the evidence was legally sufficient
to sustain the conviction.  We overrule
appellant=s second
point of error.

This Court=s
Ruling

The trial court=s
judgment is affirmed.

 

TERRY McCALL

JUSTICE

 

August 31, 2006

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Gengnagel,
an indecent exposure case, has been the source of much of the confusion in the
cases.  The conceptual difficulties and
confusion in the cases interpreting Article 21.15 are discussed in 41 George E. Dix & Robert O. Dawson, Texas
Practice:  Criminal Practice and
Procedure ' 20.171 (2d ed. 2001).