ACCEPTED
01-14-00547-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/24/2014 4:52:21 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00547-CR

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
## SAN ANTONIO, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/29/2014 8:00:00 AM
CHRISTOPHER A. PRINE
Clerk

_____

### ROLAND ALVARADO,
*Appellant*

### v.

### THE STATE OF TEXAS,
*Appellee*

_____

## ON APPEAL FROM COUNTY COURT AT LAW NO. 12 OF BEXAR COUNTY, TEXAS
## CAUSE NUMBER 354155

_____

## BRIEF FOR THE STATE
_____

**SUSAN D. REED**
**Criminal District Attorney**
**Bexar County, Texas**

**LAUREN A. SCOTT**
**Assistant Criminal District Attorney**
**Bexar County, Texas**
**Paul Elizondo Tower**
**101 W. Nueva Street**
**San Antonio, Texas 78205**
**Phone: (210) 335-2885 Email: lscott@bexar.org**
**State Bar No. 24066843**

**Attorneys for the State of Texas**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), the appellee supplements the appellant's list of parties as follows:

**TRIAL COURT**                            **The Honorable Scott Roberts**

**APPELLATE STATE'S**              **Lauren A. Scott**
**ATTORNEY**                             State Bar No. 24066843
                                                   Assistant Criminal District Attorney
                                                   Paul Elizondo Tower
                                                   101 W. Nueva Street
                                                   San Antonio, Texas 78205
                                                   (210) 335-2885
                                                   Email: lscott@bexar.org

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL ................................................... ii

INDEX OF AUTHORITIES ............................................................... iv

BRIEF FOR THE STATE ................................................................. 1

STATEMENT REAGARDING ORAL ARGUMENT ................................. 1

STATEMENT OF FACTS ............................................................... 1

SUMMARY OF THE ARGUMENT ........................................................ 4

Appellant ignores the legitimate law enforcement purpose of police protocol when an off duty officer is being investigated of a crime. The extraordinary circumstance of investigating a fellow officer for DWI justifies the delay to wait for the supervising officers to arrive on scene, and the trial court properly denied the motion to suppress.

ARGUMENT ............................................................................ 4

PRAYER ............................................................................... 10

CERTIFICATE OF COMPLIANCE AND SERVICE ............................... 11

# INDEX OF AUTHORITIES

**Cases**

*State v. Dixon*, 206 S.W.3d 587 (Tex. Crim. App. 2006)............................... 5

*State v. Kelly*, 204 S.W.3d 808 (Tex. Crim. App. 2006) ................................ 6

*Amador v. State*, 221 S.W.3d 666 (Tex. Crim. App. 2007) ........................... 5

*Belcher v. State*, 244 S.W.3d 531 (Tex. App.—Fort Worth 2007, no pet.) ... 7

*Dickson v. State*, No. 03-06-00126-CR, 2006 Tex. App. LEXIS 10483 (Tex. App.—Austin 2006, no pet.) (mem. op., not designated for publication) .. 8

*Hartman v. State*, 144 S.W.3d 568, 573-74 (Tex. App.—Austin 2004, no pet.)........................................................................................................ 8

*Pullen v. State*, No. 01-13-00259-CR, 2014 Tex. App. LEXIS 9454 (Tex. App.—Houston [1st] 2014, no pet.)............................................................ 8

*Richardson v. Pasadena*, 500 S.W.2d 175 (Tex. App.—Houston [14th] 1973) (rev'd on procedural grounds)................................................................. 10

*Smith v. State*, No. 03-06-00085-CR, 2007 Tex. App. LEXIS 1783 (Tex. App.—Austin 2007, pet. ref'd) (mem. op., not designated for publication) ................................................................................................................. 8

*State v. Steelman,* 93 S.W.3d 102 (Tex. Crim. App. 2002)........................... 5

*Terry v. Ohio*, 392 U.S. 1 (1968).................................................................. 6

*United States v. Sharpe*, 470 U.S. 675 (1985)............................................. 6

**Rules**

Tᴇx. R. Aᴘᴘ. P. 38.2(a)(1)(B) ............................................................. 2

## NO. 01-14-00547-CR

| | | |
|---|---|---|
| **ROLAND ALVARADO** | § | **IN THE FIRST DISTRICT** |
| **APPELLANT** | § | |
| | § | |
| **VS.** | § | **COURT OF APPEALS** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **APPELLEE** | § | **SAN ANTONIO, TEXAS** |

### BRIEF FOR THE STATE

To the Honorable Fourth Court:

Now comes, Susan D. Reed, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

### STATEMENT REAGARDING ORAL ARGUMENT

The appellant has requested oral argument. The State waives oral argument because the issue on appeal can be decided based on the record and case law. However, if the Court is inclined to grant appellant's request, then the State would respectfully ask for an opportunity to respond.

### STATEMENT OF FACTS

The State challenges the factual assertions contained in appellant's brief. *See* TEX. R. APP. P. 38.2(a)(1)(B). The times of 1:30 and 2:10 provided by appellant in his brief are that of trial defense counsel in cross examination questions and defense argument. It is not the time provided by Officer Chandler's testimony. There are certain times that are fixed and known based on documentation, but other times were given as approximations, not the set, specific

1

times that appellant asserts in his brief. (Appellant's brief at 8) (stating the STST's began at 2:10). The times that are fixed and known are the 12:57 AM arrival time of Officer Chandler to the scene and the 2:56 AM arrival time of Officer Chandler and appellant at the jail. (2 R.R. at 9 and 3 R.R. at 119). The timeline in between was given as approximations from Officer Chandler, Sergeant Wilson, and Lieutenant Biasiolli.

On the night of February 11, 2011 at 12:54 AM, Officer Chandler received a call for an officer to respond to the scene of an accident. (2 R.R. at 7-10 and 3 R.R. at 50-51). Once on the scene, Officer Chandler saw several people standing around in a parking lot. He parked, got out of his vehicle, and found the complainants. They told the officer that the appellant had caused a disturbance inside the club so he was told to leave, and as he attempted to drive away, the appellant ran into another vehicle. (2 R.R. at 11 and 3 R.R. at 53). After looking at the vehicle damage and talking to the bystanders, Officer Chandler approached Alvarado. *Id.* Once Officer Chandler got close and Alvarado removed his hoodie, Chandler recognized him as a fellow officer. (2 R.R. at 11 and 3 R.R. at 55). Since there was an accident, Officer Chandler obtained Alvarado's information in order to exchange it with the complainant, and as he was talking to Alvarado, Chandler noticed a strong odor of alcohol and that his speech was a little slurred. (2 R.R. at 12 and 3 R.R. at 56). Because the incident included an off duty officer

2

and alcohol may have been a factor, the San Antonio Police Department manual requires that the investigating officer contact the immediate supervisor. (2 R.R. at 13 and 59). Following protocol, Officer Chandler called his immediate supervisor, Sergeant Wilson. (2 R.R. at 14 and 3 R.R. at 59). While he waited for the Sergeant to arrive, Chandler completed paperwork in his vehicle while Alvarado waited in his vehicle. (2 R.R. at 15 and 3 R.R. at 58). During the motion to suppress and at trial, Officer Chandler testified it took 15-20 minutes for Sergeant Wilson to arrive at the scene. (2 R.R. at 15 and 3 R.R. at 60). Sergeant Wilson confirmed at trial that it took him approximately 20 minutes to get to the scene once he received the call. (4 R.R. at 43).

After the sergeant arrived, Officer Chandler told him about the situation. Once he had informed his supervisor of what had happened up until that point, he went back to Alvarado and asked him to perform the standardized field sobriety tests. (2 R.R. at 16 and 3 R.R. at 61-62). Alvarado consented and performed all of the tests. (2 R.R. at 17 and 3 R.R. at 63). Based on Alvarado's performance on the tests, Officer Chandler decided to arrest Alvarado on suspicion of DWI. (3 R.R. at 113). After the tests were done, Alvarado asked to speak with the lieutenant, and asked the lieutenant to use his discretion and let him go home in the taxi. The lieutenant denied the request. (4 R.R. at 85). The officers also took steps to get in touch with Alvarado's mother in order to release his vehicle to her, and prevent it

3

from being towed. (3 R.R. at 88). Officer Chandler left the scene with Alvarado around 2:30 AM and processed him in the jail at 2:56 AM. (2 R.R. at 18 and 3 R.R. at 119).

Additional testimony, not relevant to the issue on appeal, came from Johnny Ruiz and Debbie Stevens. (4 R.R. at 109 and 140). Mr. Ruiz performed the breath test on Alvarado and Ms. Stevens analyzed the data, which showed Alvarado's blood alcohol content to be 0.117 at the time he was tested. (4 R.R. at 118 and 164).

## SUMMARY OF THE ARGUMENT

Appellant ignores the legitimate law enforcement purpose of police protocol when an off duty officer is being investigated of a crime. The extraordinary circumstance of investigating a fellow officer for DWI justifies the delay to wait for the supervising officers to arrive on scene, and the trial court properly denied the motion to suppress.

## ARGUMENT

**Standard of Review**

On review, the trial court's decision on a motion to suppress must be upheld as long as it is reasonably supported by the record and is correct under any applicable theory of law. *State v. Steelman,* 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). The appellate court must view the record in the light most favorable to the trial court's ruling and reverse that ruling only if it is outside the zone of reasonable disagreement. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App.

4

2006).    A reviewing court gives almost total deference to a trial court's determination of the historical facts that are supported by the record, particularly if the findings of fact are based on credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). The same level of deference is given to the trial court's application of law to the facts or to mixed questions of law and fact, especially when the findings are based on credibility and are supported by the record. *Id.* When the trial court makes explicit finding of fact, the reviewing court considers, in the light most favorable to the trial court's ruling, whether the record supports those finding. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). Legal rulings are reviewed *de novo* unless the trial court's findings that are supported by the record are dispositive. *Id.*

**Reasonableness of the Detention**

The *Fourth Amendment* is not a protection against all searches and seizures, but a protection against unreasonable searches and seizures. Under *Fourth Amendment* jurisprudence, it is well settled that law enforcement may detain an individual for investigatory purposes, as long as the officer has articulable reasonable suspicion. In *Terry v. Ohio*, the Supreme Court adopted a dual analysis for deciding the reasonableness of an investigative stop. *Terry v. Ohio*, 392 U.S. 1, 20 (1968). Under this approach the Court looked at "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the

circumstances which justified the interference in the first place." *Id.* In *United States v. Sharpe*, the Supreme Court decided there is "no rigid time limitation on *Terry* stops," and that an important factor to deciding whether the length of a detention is reasonable is the law enforcement purposes served by the stop and the need to effectuate those purposes. *United States v. Sharpe*, 470 U.S. 675, 685 (1985). There is no *per se* rule when deciding whether an investigatory detention is too long to be reasonable under *Terry*. Instead a reviewing court looks at the totality of the circumstances to determine whether the investigating officer's actions were reasonable. *Id.* at 686-87.

The detention in this case can be broken up into three time segments: 1) the officer's initial contact and accident investigation 2) the officer calling and waiting for supervising officers and 3) the officer conducting the standardized field sobriety tests and arresting Alvarado. Each segment lasted approximately 20-30 minutes, making the total stop an hour and a half. The only segment that did not include Officer Chandler performing his investigatory duties was in the second time block when he called and waited for his immediate supervisor, which lasted between 20-30 minutes.

The delay in the investigation in this case was reasonable because it served a legitimate law enforcement purpose. *See Belcher v. State*, 244 S.W.3d 531, 539 (Tex. App.—Fort Worth 2007, no pet.) (noting that "the trial and appellate courts

6

may consider legitimate law enforcement purpose served by any delay in the officer's investigation."). Texas courts have held that such legitimate law enforcement purposes include: a delay to permit the arrival of a DWI enforcement officer so that a supervising officer may return to duty; a delay for the arrival of a video camera so that the DWI investigation and field sobriety tests could be videotaped according to department procedure; and a delay for the arrival of a new officer in need of training. *See e.g., Hartman v. State*, 144 S.W.3d 568, 573-74 (Tex. App.—Austin 2004, no pet.); *Smith v. State*, No. 03-06-00085-CR, 2007 Tex. App. LEXIS 1783 (Tex. App.—Austin 2007, pet. ref'd) (mem. op., not designated for publication); *Dickson v. State*, No. 03-06-00126-CR, 2006 Tex. App. LEXIS 10483 (Tex. App.—Austin 2006, no pet.) (mem. op., not designated for publication). The legitimate law enforcement purpose in this case was the officer following San Antonio Police department protocol when investigating an off duty officer of a crime. *See Pullen v. State*, No. 01-13-00259-CR, 2014 Tex. App. LEXIS 9454 (Tex. App.—Houston [1st] 2014, no pet.) (finding that the appellant's detention was based on police procedures, which were developed for legitimate law enforcement purposes).

All three of the officers who made the scene agreed that Officer Chandler followed standard police policy that night. Officer Chandler testified that when he is in the position of investigating a fellow officer, it is police protocol to call the

7

immediate supervising officer. (3 R.R. at 59). He also noted that had a medical issue occurred with Alvarado, Chandler would have notified his supervisors on the scene. (3 R.R. at 66). Sergeant Wilson explained his role was to coordinate the logistics of the scene. For example, he would have called in other officers if necessary, and, generally, he would have handled any issues that may have occurred during Officer Chandler's investigation. (4 R.R. at 54 and 57). Lieutenant Biasiolli further explained that the police policy of having a higher ranking officer, on the scene while investigating an off duty officer, ensures all protocol is followed and it allows for the proper notification through the chain of command. (4 R.R. at 66). Clearly the 20-30 minute delay while waiting for a supervising officer was reasonable in light of the extraordinary circumstance of the suspect being an off duty officer. In addition, looking at the totality of the circumstances, during the delay, Alvarado was allowed to sit in his own vehicle, unrestrained, and he was able to use his cell phone, which also supports the reasonableness of Officer Chandler's actions during the investigation. (2 R.R. at 59 and 3 R.R. at 58).

Alvarado argues that "the need to call superior officers because of appellant's status as a police officer at the time of the offense, does not render this prolonged detention reasonable" because, he contends, the supervising officers did not actively participate in the DWI investigation (Appellants' brief at 18).

8

However, the policy of calling a supervising officer exists not to have the supervisor assist in the investigation, but to ensure that protocol is followed, and to support the integrity of the investigation if any issues did occur. It is a legitimate law enforcement purpose to have policies in place that creates a system of checks and balances that help maintain the public's trust in the police force, especially at a time when they are investigating one of their own members. *See Richardson v. Pasadena*, 500 S.W.2d 175, 177 (Tex. App.—Houston [14th] 1973) (rev'd on procedural grounds) (finding "the superior right of the public to an efficient and credible police department" over the privacy rights of a police officer). In light of these special circumstances, the delay was reasonable, and the trial court's denial of the motion to suppress should be upheld and the judgments of conviction affirmed.

**<u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, the State of Texas submits that the

judgment of the trial court should, in all things, be AFFIRMED.


Respectfully submitted,

Susan D. Reed
Criminal District Attorney
Bexar County, Texas


/s/ Lauren A. Scott


_____

Lauren A. Scott
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2885
Email: lscott@bexar.org
State Bar No. 24066843

*Attorneys for the State*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I, Lauren A. Scott, herby certify that the total number of words in appellee's brief is approximately 2400.  I also certify that a true and correct copy of the above brief was mailed to Megan Roper, attorney for appellant, at 313 S. Main, San Antonio, Texas 78204, on December 26, 2014.

/s/ Lauren A. Scott

_____

Lauren A. Scott
Assistant Criminal District Attorney