**Derrick Shane BOYD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–04–00292–CR.**

Court of Appeals of Texas, Eastland.

Aug. 31, 2006.

Discretionary Review Refused Feb. 7, 2007.

Jack G. Neal, Roanoke, for appellant.

Carey Fraser, County Atty., Stephenville, for appellee.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

Derrick Shane Boyd appeals his conviction for interference with the duties of a peace officer. TEX. PEN.CODE ANN. § 38.15 (Vernon Supp.2006). After the jury found appellant guilty, the trial court sentenced him to seventy-two hours in the Erath

County Jail and assessed a $400 fine and $213 court costs. In appellant's first point of error, he argues that the trial court erred in failing to quash the information because the information did not meet the requirements of TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). In his second point of error, he argues that the evidence was legally insufficient to support the conviction. We affirm.

### Standard of Review

 The sufficiency of an indictment or information is a question of law. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim. App.2004). When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, as in this case, the trial court's ruling is subject to de novo review. *Moff,* 154 S.W.3d at 601.

In reviewing claims of legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State,* 17 S.W.3d 664 (Tex.Crim. App.2000); *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996). Due deference must be given to the fact-finder's determination, particularly concerning the weight and credibility of the evidence. *Johnson v. State,* 23 S.W.3d 1 (Tex.Crim.App.2000); *Jones v. State,* 944 S.W.2d 642 (Tex.Crim. App.1996).

### Background Facts

The State called only one witness, Stephenville Police Officer Brandon Boen. Appellant neither testified nor called any witnesses. The following is a summary of Officer Boen's testimony.

At about 2:00 a.m., Officer Boen and Officer Brandon West were dispatched to the residence of the Delta Chi Fraternity to investigate a loud noise coming from the house. The Stephenville Police Department had previously received numerous disorderly conduct complaints about the residence, and officers had been sent to the residence eight times prior to this investigation. As they approached the house, the officers heard a lot of loud talking and music coming from the house that Officer Boen described as being "an unreasonable amount of noise." Officer Boen knocked on the front door several times and announced that he was a Stephenville police officer. No one came to the door.

Appellant came out into the carport area and looked at the officers. When Officer Boen asked appellant to come talk to them, appellant instead went back into the house. The officers then heard doors being locked from the inside. A few minutes later, however, Gregory Cichon came out into the carport area. Officer Boen went to the carport area to talk to Cichon about the noise complaint. Officer Boen realized that the police department had cited Cichon for a noise violation on a previous occasion and asked Cichon to bring out the other individuals in the house. Cichon agreed; but, when Officer Boen asked Cichon to leave the door to the house open, Cichon refused and started to close the door. When it became clear that Cichon was not going to cooperate, Officer Boen placed Cichon in custody.

While the officers were detaining Cichon, appellant and several others came out and began questioning the officers. Appellant began to tell the officers that they had no legal right to be at the house and no right to take Cichon into custody. When Officer Boen asked appellant if he lived at the house, appellant said that he

did. Appellant continued to be verbally aggressive with the officers, and there was a strong smell of alcohol emanating from all the participants.

Officer Boen asked appellant to come down the steps into the carport for a talk. Officer Boen planned to identify appellant and then place him under arrest for disorderly conduct. Appellant told Officer Boen that he was not going to step down into the carport and started back into the house, attempting to shut the screen door. Officer Boen described the next events as follows:

He proceeded to try to pull away from us. He kept his arms inside. We were trying to get his arms out to detain him. During the scuffle, we got knocked into the kitchen table.... I got a chance to grab a hold of his arm. I performed a straight-arm takedown.... [W]e took the subject to the ground, placed him in handcuffs and took him into custody for the DOC [disorderly conduct complaint].

Officer Boen said that he believed that he had probable cause to arrest appellant for the disorderly conduct noise. After identifying appellant, the officers determined that he had been drinking alcohol despite being under the age of twenty-one.

The officers placed Cichon and appellant in separate patrol cars and then completed their investigation of the noise disturbance. They went inside the residence, determined that no other resident was there, cleared and secured the house, and then left.

*Motion to Quash the Information*

Appellant was charged and convicted under Section 38.15(a)(1) of the Texas Penal Code which states that it is an offense to interfere with the public duties of peace officers, emergency medical service providers, firefighters, corrections officers, jail-ers, and animal control officers. Section 38.15(a)(1) provides:

(a) A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with:

(1) a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law.

Thus, the State had to allege and prove the essential element that appellant had the culpable mental state of criminal negligence. TEX. PEN.CODE ANN. § 6.03(d) (Vernon 2003) defines criminal negligence:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

■ Appellant argues that the information should have been quashed because it failed to put appellant on notice of his unlawful conduct so that he could prepare a proper defense. Specifically, appellant contends that the information failed to allege any specific acts of criminal negligence as required by TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). Article 21.15 sets forth a special pleading requirement applicable only when the prosecution relies on recklessness or criminal negligence:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with

criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, *the act or acts relied upon to constitute recklessness or criminal negligence,* and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence. (emphasis added)

Appellant relies on *State v. McCoy,* 64 S.W.3d 90 (Tex.App.-Austin 2001, no pet.), which affirmed a trial court's dismissal of an indictment based on the defendant's motion to quash. The indictment that court found to be fundamentally defective alleged that Kathleen McCoy "recklessly cause[d] the death of an individual, namely [named victim], to-wit: said Defendant did then and there drive a motor vehicle, in which the said [victim] was a passenger, into the waters of a flood, thereby causing the said [victim] to drown." *Id.* at 91. The *McCoy* court began its analysis by stating that Article 21.15 imposes two requirements on an indictment alleging reckless misconduct:

First, the indictment must allege with reasonable certainty the act or acts relied on to constitute the forbidden conduct committed with recklessness. *Graham v. State,* 657 S.W.2d 99, 104 (Tex. Crim.App.1983). Second, the indictment must allege with reasonable certainty the acts or circumstances relied on to demonstrate that the forbidden conduct was committed in a reckless manner. *Gengnagel v. State,* 748 S.W.2d 227, 228–30 (Tex.Crim.App.1988).

*McCoy,* 64 S.W.3d at 92.

Citing *Gengnagel,* the *McCoy* court reasoned that Article 21.15 required the State to plead with reasonable certainty the acts or circumstances on which it would rely to prove the forbidden conduct was committed recklessly and concluded that the indictment did not allege with reasonable certainty the acts or circumstances "demonstrating that McCoy's conduct was committed recklessly." *McCoy,* 64 S.W.3d at 93. That omission was, thus, deemed a substantive defect. *McCoy,* 64 S.W.3d at 94. We decline to follow *McCoy* for two reasons.

There is authority for declining to follow *McCoy* because the information in this case met the precise text of Article 21.15— it alleged the act relied upon to constitute criminal negligence. *State v. Emanuel,* 873 S.W.2d 108 (Tex.App.-Dallas 1994, no pet.); *Cruz v. State,* 838 S.W.2d 682 (Tex. App.-Houston [14th Dist.] 1992, pet. ref'd). We agreed with this interpretation of Article 21.15 in *Cross v. State,* 1998 WL 34200500 (Tex.App.-Eastland Feb.26, 1998, pet. ref'd) (not designated for publication). But even assuming that *McCoy* has correctly stated that there are two requirements, we believe the same act or acts can satisfy both requirements—the act or acts relied on to constitute the forbidden conduct and the act or acts relied on to demonstrate that the forbidden conduct was committed in a reckless or criminally negligent manner. The notice of the act given by the indictment in *McCoy* of driving a motor vehicle into the waters of a flood causing the victim to drown would appear to have satisfied both requirements. Driving into the floodwaters caused the victim to drown (act showing forbidden conduct), but one can also infer that driving into floodwaters was criminally negligent (a reasonable person should perceive the risk of harming a passenger when driving into floodwaters).[1]

---

1. *Gengnagel,* an indecent exposure case, has been the source of much of the confusion in the cases. The conceptual difficulties and confusion in the cases interpreting Article

The same is true in the case before us. The State alleged that appellant impeded the police investigation by pulling away from the officer. The information stated that appellant did then and there:

[W]hile B. West and/or B. Boen, a peace officer, was performing a duty or exercising authority imposed or granted by law, to-wit: investigation of a loud noise disturbance, with criminal negligence, interrupt, disrupt, impede, or interfere with the said B. West and/or B. Boen by . . . trying to pull away from the officer.

The act of impeding or interfering by "trying to pull away from the officer" gave notice of the condemned conduct (the pulling away impeded and interfered with the officers' investigation) and gave notice of the act that constituted criminal negligence. As will be discussed under appellant's second point of error, the jury could infer from appellant's pulling away that he intentionally and knowingly impeded Officer Boen's investigation. TEX. PEN.CODE ANN. § 6.02(e) (Vernon Supp.2006) states that proof of a higher degree of culpability (i.e., intentionally or knowingly) constitutes proof of the culpability charged (i.e., criminal negligence).

Appellant also argues that the information should have advised him of the "substantial and unjustifiable risk" that he should have perceived. We disagree. The Court of Criminal Appeals in *Graham* rejected the contention that the acts on their face must demonstrate conclusively or inherently that the accused acted with recklessness or criminal negligence. *Graham,* 657 S.W.2d at 103–04. Moreover, the information did advise him of the risk that he would impede or interfere with the officers' investigation when he pulled away

from them. We overrule appellant's first point of error.

## Legal Sufficiency of the Evidence

■ In arguing that the evidence was legally insufficient to support his conviction, appellant cites *Carney v. State,* 31 S.W.3d 392 (Tex.App.-Austin 2000, no pet.), which appears to be the only reported appellate case involving prosecution under Section 38.15. Appellant's reliance on *Carney* is misplaced. The information in *Carney* specifically limited the manner and means allegedly used by the defendant in interfering with the police officer to "blocking entry into a residence." *Id.* at 396. The court found that there was no evidence that the defendant was up against the door physically blocking the officer's entry. Thus, the court held that the evidence was legally insufficient to support the conviction.

The information in our case provided in part:

Derrick Shane Boyd, did in the County of Erath and the State of Texas, then and there: while B. Boen, a peace officer, was performing a duty or exercising authority imposed or granted by law, to-wit: investigation of a loud noise disturbance, with criminal negligence, interrupt, disrupt, impede, or interfere with the said B. Boen by trying to pull away from the officer.

Appellant came out into the carport when the officers knocked on the front door. But when Officer Boen asked appellant to talk to them, appellant went back inside, and someone started locking doors from the inside. Later, appellant berated the officers while he was standing by the kitchen door at the top of three steps going into the carport. Officer Boen testi-

21.15 are discussed in 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 20.171 (2d ed.2001).

fied that he again asked appellant to step down into the carport to talk with him, but appellant refused and started back into the house. Officer Boen stated that they grabbed appellant, and appellant tried to pull away from him. In this case, as opposed to *Carney*, there was testimony to support the act alleged in the information.

Appellant states that he had a right to go back into the house instead of stepping down into the carport to talk with Officer Boen. We disagree. Officer Boen stated a number of times that he was trying to investigate the noise disturbance, find out who lived in the house, and find out who was present there at the time. Although appellant said that he lived in the house, it is clear from Officer Boen's testimony that little or no respect was shown to the officers and that no one cooperated with their investigation. The officers were entitled to detain appellant for questioning. A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App.1997). Officer Boen heard the unreasonably loud talk and music, confirmed that appellant resided in the house, and was entitled to infer that appellant may have been responsible for the loud noise violation. An investigative detention is a seizure under which the citizen is not free to leave, but it must be reasonable under the Constitutions of the United States and Texas. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Johnson v. State*, 912 S.W.2d 227, 235 (Tex.Crim.App.1995); *Hartman v. State*, 144 S.W.3d 568, 571 (Tex.App.-Austin 2004, no pet.). It was reasonable for Officer Boen to detain appellant for questioning under the circumstances. Appellant could have been charged with evading arrest or detention. TEX. PEN.CODE ANN. § 38.04 (Vernon 2003). But the point is that Officer Boen had the right to detain him for questioning.

The State was required to prove the essential element that appellant had the culpable mental state of criminal negligence when he impeded and interfered with Officer Boen's investigation. However, Section 6.02(e) provides that "[p]roof of a higher degree of culpability than that charged constitutes proof of the culpability charged." Although Officer Boen said that they pursued appellant into the house to arrest him for "disorderly conduct noise violation," Officer Boen testified that, after putting Cichon and appellant in separate cars, they went back "to further investigate," indicating that the investigation was continuing even while the officers struggled with appellant. The jury could infer from Officer Boen's repeated statements that he was trying to investigate and from appellant's act in pulling away that appellant intentionally and knowingly impeded and interfered with Officer Boen's investigation.

Having reviewed all of the evidence in the light most favorable to the verdict, we find that the evidence was legally sufficient to sustain the conviction. We overrule appellant's second point of error.

*This Court's Ruling*

The trial court's judgment is affirmed.