COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TITO HUMBERTO DIAZ, | § | |
| | | No. 08-09-00002-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law #7 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080C09746) |
| | § | |

**O P I N I O N**

Appellant appeals his conviction for evading arrest or detention.  A jury found him guilty and sentenced him to 180 days imprisonment, reduced to 1 year of community supervision.  He raises two issues on appeal challenging both the legal and factual sufficiency of the evidence supporting the conviction.

On June 7, 2008, the Socorro Police Department dispatched an officer to investigate a noise complaint at a Socorro house party.  The party had over 250 people.  After rocks and beer bottles were thrown at an officer's squad car, Officer Varela was dispatched to assist.  Sergeant Oscar Robles and other backup officers next arrived.  Officer Varela and Sergeant Robles approached the house to speak to the homeowner.

At trial, Officer Varela testified that when he and the other officers got to the front gate, Appellant shut the gate door, and refused the officers entry.  When the officers asked to talk to the owner, Appellant ignored their request and continued to hold the gate shut.  Because of Appellant's lack of cooperation and because other partygoers were close at hand, the officers

pushed the gate open. Apellant then walked away despite the officers' orders "[s]top [and] come back." The Appellant locked himself inside the house.

The officers then return to the street and requested tow trucks to remove and impound illegally parked vehicles. When the tow trucks arrived, both the homeowner and the Appellant came out of the house in an effort to stop the towing company from removing the vehicles. The officers promptly arrested the Appellant and charged him with evading arrest or detention.

At trial, the court granted Appellant's motion in limine to exclude evidence of Appellant's criminal record. Appellant testified in his own defense, and on direct examination in response to counsel's question if he thought the officers were going to arrest him, Appellant replied, "Yes--well, I [had] a warrant. And that officer--he knew . . . ." Appellant's response entered the record without objection.

In Issue One, Appellant challenges the legal sufficiency of the evidence. When reviewing the evidence submitted at trial to determine its legal sufficiency, this Court examines all evidence, both properly and improperly admitted, in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the alleged offense beyond a reasonable doubt. *Miramontes v. State*, 225 S.W.3d 132, 139-40 (Tex.App.-- El Paso 2005, no pet.). Legal sufficiency of the evidence should be assessed by the elements of the particular offense as indicated by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). In our review, we are not to re-examine the evidence, imposing our own judgment as to whether guilt has been properly established beyond a reasonable doubt; rather, we are only to assess if both the explicit and implicit findings by the trier of fact are rational. *Lyon v. State*, 885 S.W.2d 506, 516-17 (Tex.App.--El Paso 1994,

pet. ref'd). Evidentiary inconsistencies are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).

This standard of review is applicable to both direct and circumstantial evidence cases. *Garcia v. State*, 871 S.W.2d 279, 280 (Tex.App.--El Paso 1994, no pet.). "The trier of fact, not the appellate court, is free to accept or reject all or any portion of any witness's testimony." *Belton v. State*, 900 S.W.2d 886, 897 (Tex.App.--El Paso 1995, pet. ref'd). Accordingly, a jury's findings of fact in a criminal proceeding are given substantial deference. *Leyva v. State*, 840 S.W.2d 757, 759 (Tex.App.--El Paso 1992, pet. ref'd).

In Issue Two, Appellant challenges the factual sufficiency of the evidence. When reviewing the evidence to determine if it is factually sufficient to support a conviction, we view all evidence from a neutral perspective to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *See Whipple v. State*, 281 S.W.3d 482, 495 (Tex.App.--El Paso 2008, pet. ref'd). Evidence can be factually insufficient in two ways: (1) the evidence supporting the verdict, by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict, weighing all evidence, the contrary evidence is so strong that the defendant's guilt cannot be proven beyond a reasonable doubt. *See Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). We must give deference to the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). We may only reverse a judgment for factual insufficiency if it is necessary to "prevent manifest injustice." *See Laster v. State*, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009).

The essential elements of evading arrest or detention are: (1) a person; (2) intentionally

flees; (3) from a peace officer; (4) with knowledge he is a peace officer; (5) who is attempting to detain the defendant; and (6) the attempted detention is lawful. TEX.PENAL CODE ANN. § 38.04(a)(Vernon Supp. 2009). Specifically, Appellant challenges the sufficiency of the evidence of the second and sixth elements.[1]

With respect to the second element, Appellant contends there is no evidence from which a jury could conclude he intentionally fled from the police officers. However, both officers testified that Appellant walked away after being questioned at the gate despite their commands to stop. Further, testimony indicated Appellant refused to come out of the house in response to the officer's request. Although the record does not directly address the intent behind Apellant's flight, we must presume that the jury reconciled any conflicting inferences from the evidence when they reached their guilty verdict. *See Robbins v. State*, 145 S.W.3d 306, 309 (Tex.App.-- El Paso 2004, pet. ref'd).

With respect to the sixth element, Appellant contends that his interaction with Officer Varela and Sergeant Robles was nothing more than an "encounter" and argues that he was free to terminate the conversation and walk away at any time. He further claims that the evidence was legally insufficient to establish reasonable suspicion to connect him to any criminal activity that would warrant an investigative detention, or that his detention was lawful. We find that the circumstances surrounding the interaction between Appellant and the officers suggest otherwise.

---

[1] In his brief, the Appellant makes reference to challenging the legal sufficiency of the fifth element as well. However this argument is not properly briefed and is therefore waived on appeal. *See* TEX.R.APP.P. 38.1(i)(the appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record), *see also Rhodes v. State*, 308 S.W.3d 6, 14 (Tex.App.--Eastland 2009, pet. dism'd)(ineffective counsel argument not preserved on appeal due to inadequate briefing).

There are three distinct types of interactions between a police officer and a citizen: (1) encounters; (2) investigative detentions; and (3) arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex.Crim.App. 2002). In an encounter, an officer may ask the citizen if he is willing to answer questions or pose questions to him if he is willing to listen. *Perez*, 85 S.W.3d at 819. However, during an encounter, the citizen can terminate the interaction with the officer and walk away at any time. *Munera v. State*, 965 S.W.2d 523, 527 (Tex.App.--Houston [14th Dist.] 1997, pet. ref'd). Consensual encounters do not trigger Fourth Amendment protection if a reasonable person would feel free to disregard the officer and end the encounter at their own will and at any time. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991). Regardless of any wrongdoing, in an encounter officers may ask the individual general questions or ask to see and examine the individual's identification, so long as the officer does not indicate that compliance is required. *Bostick*, 501 U.S. at 434-35, 111 S.Ct. at 2386.

By comparison, during an investigative detention, an officer is authorized to temporarily detain an individual for investigative purposes when the officer has reasonable suspicion that the individual could be involved in some type of criminal activity. *See Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Investigative detentions are justified when, after considering the totality of the situation, the detaining officer has specific articulable facts which, when taken together with rational inferences from those facts, lead him to determine that the person detained actually is, has been, or soon will be engaged in criminal activity. *Balentine*, 71 S.W.3d at 768. The controlling question is whether the actions of the officer would have made a reasonable person feel that he was not free to decline the officer's request or otherwise terminate the encounter. *State v. Velasquez*, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999). Consensual

encounters can become investigative detentions if the officer conveys an indication that compliance is mandatory. *Velasquez*, 994 S.W.2d at 679.

Based on the evidence and his possible participation in criminal activity, a rational jury could infer that the officers had reasonable suspicion to lawfully detain Appellant pursuant to their noise complaint investigation. *See Balentine*, 71 S.W.3d at 768. Reasonable suspicion indicating Appellant's possible criminal activity existed when the first reports of bottles and rocks being thrown at an officer's squad car came over the police radio. It was bolstered when Appellant, the first individual the officers interacted with at the party, held the front gate shut so that the officers could not enter the house's front yard to conduct their investigation. Appellant's uncooperative attitude in helping the officers locate the homeowner further contributed to the officers' suspicion. The officers also clearly indicated their interaction with Appellant was not a mere encounter by commanding him to stop and return when he began to walk away. Additionally, Appellant recognized he was not free to leave at that time, and testified that he thought the officers were going to arrest him. Based on the totality of the situation, a rational jury could conclude that the officers had specific articulable facts that would necessitate detaining Appellant to further their investigation. *See Balentine*, 71 S.W.3d 768, *see also Boyd v. State*, 217 S.W.3d 37, 43 (Tex.App.--Eastland 2006, pet. ref'd)(stating an individual could be charged with evading arrest or detention when a police officer is questioning him about a noise complaint made on his location, and the individual subsequently leaves before the officer is done with his investigation). Viewing the evidence in a light most favorable to the verdict, a reasonable minded juror could determine that Appellant evaded arrest when he walked away from the police officers. The evidence was legally sufficient to support his conviction beyond a

reasonable doubt. Accordingly, Issue One is overruled.

Appellant incorporated most of the same arguments made in Issue One in challenging Issue Two. In addition, Appellant contends the State's witnesses, Officer Varela and Sergeant Robles, gave conflicting testimony. On the other hand, he contends that the testimonies offered by the defense's witnesses, although "not exactly alike" but "largely similar" was not impeached and should have been given more weight by the jury. We must defer to the jury's judgment with respect to the credibility given to eyewitness testimonies. *Johnson v. State*, 176 S.W.3d 74, 78 (Tex.App.--Houston [1st Dist.] 2004, pet. ref'd). In the instant case, the jury gave more credibility to the testimony given by the State's witnesses. *See Johnson*, 176 S.W.3d at 78. This Court must defer to the jury's resolution. *See Johnson*, 23 S.W.3d at 7. While viewing the evidence from a neutral perspective, we hold that the jury was rationally justified in determining Appellant evaded arrest when he walked away from the police officers. Taken by itself, the evidence was strong enough to support Appellant's conviction and any contrary evidence did not outweigh the evidence in favor of the verdict. The evidence created no manifest injustice and was therefore factually sufficient to support Appellant's conviction beyond a reasonable doubt. Issue Two is overruled.

The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX.R.APP.P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney, or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of this opinion and this Court's

judgment, to notify Appellant of his right to file a *pro se* petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX.R.APP.P. 48.4.

Accordingly, we affirm the judgment of the trial court.


August 18, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)