COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





TITO HUMBERTO DIAZ,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-09-00002-CR

Appeal from the

County Court at Law #7

of El Paso County, Texas 

(TC# 20080C09746) 





O P I N I O N

            Appellant appeals his conviction for evading arrest or detention. A jury found him guilty
and sentenced him to 180 days imprisonment, reduced to 1 year of community supervision. He
raises two issues on appeal challenging both the legal and factual sufficiency of the evidence
supporting the conviction.
            On June 7, 2008, the Socorro Police Department dispatched an officer to investigate a
noise complaint at a Socorro house party. The party had over 250 people. After rocks and beer
bottles were thrown at an officer’s squad car, Officer Varela was dispatched to assist. Sergeant
Oscar Robles and other backup officers next arrived. Officer Varela and Sergeant Robles
approached the house to speak to the homeowner.
            At trial, Officer Varela testified that when he and the other officers got to the front gate,
Appellant shut the gate door, and refused the officers entry. When the officers asked to talk to
the owner, Appellant ignored their request and continued to hold the gate shut. Because of
Appellant’s lack of cooperation and because other partygoers were close at hand, the officers
pushed the gate open. Apellant then walked away despite the officers’ orders “[s]top [and] come
back.” The Appellant locked himself inside the house.
            The officers then return to the street and requested tow trucks to remove and impound
illegally parked vehicles. When the tow trucks arrived, both the homeowner and the Appellant
came out of the house in an effort to stop the towing company from removing the vehicles. The
officers promptly arrested the Appellant and charged him with evading arrest or detention.
            At trial, the court granted Appellant’s motion in limine to exclude evidence of
Appellant’s criminal record. Appellant testified in his own defense, and on direct examination in
response to counsel’s question if he thought the officers were going to arrest him, Appellant
replied, “Yes--well, I [had] a warrant. And that officer--he knew . . . .” Appellant’s response
entered the record without objection.
            In Issue One, Appellant challenges the legal sufficiency of the evidence. When reviewing
the evidence submitted at trial to determine its legal sufficiency, this Court examines all
evidence, both properly and improperly admitted, in a light most favorable to the verdict to
determine whether any rational trier of fact could find the essential elements of the alleged
offense beyond a reasonable doubt. Miramontes v. State, 225 S.W.3d 132, 139-40 (Tex.App.--El Paso 2005, no pet.). Legal sufficiency of the evidence should be assessed by the elements of
the particular offense as indicated by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). In our review, we are not to re-examine
the evidence, imposing our own judgment as to whether guilt has been properly established
beyond a reasonable doubt; rather, we are only to assess if both the explicit and implicit findings
by the trier of fact are rational. Lyon v. State, 885 S.W.2d 506, 516-17 (Tex.App.--El Paso 1994,
pet. ref’d). Evidentiary inconsistencies are resolved in favor of the verdict. Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).
            This standard of review is applicable to both direct and circumstantial evidence cases.
Garcia v. State, 871 S.W.2d 279, 280 (Tex.App.--El Paso 1994, no pet.). “The trier of fact, not
the appellate court, is free to accept or reject all or any portion of any witness’s testimony.”
Belton v. State, 900 S.W.2d 886, 897 (Tex.App.--El Paso 1995, pet. ref’d). Accordingly, a jury’s
findings of fact in a criminal proceeding are given substantial deference. Leyva v. State, 840
S.W.2d 757, 759 (Tex.App.--El Paso 1992, pet. ref’d).
            In Issue Two, Appellant challenges the factual sufficiency of the evidence. When
reviewing the evidence to determine if it is factually sufficient to support a conviction, we view
all evidence from a neutral perspective to determine whether the fact finder was rationally
justified in finding guilt beyond a reasonable doubt. See Whipple v. State, 281 S.W.3d 482, 495
(Tex.App.--El Paso 2008, pet. ref’d). Evidence can be factually insufficient in two ways: (1) the
evidence supporting the verdict, by itself, is too weak to support the finding of guilt beyond a
reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict,
weighing all evidence, the contrary evidence is so strong that the defendant’s guilt cannot be
proven beyond a reasonable doubt. See Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App.
2007). We must give deference to the fact finder’s role as the sole judge of the weight and
credibility given to witness testimony. See Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.
2000). We may only reverse a judgment for factual insufficiency if it is necessary to “prevent
manifest injustice.” See Laster v. State, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009).
            The essential elements of evading arrest or detention are: (1) a person; (2) intentionally
flees; (3) from a peace officer; (4) with knowledge he is a peace officer; (5) who is attempting to
detain the defendant; and (6) the attempted detention is lawful. Tex.Penal Code Ann.
§ 38.04(a)(Vernon Supp. 2009). Specifically, Appellant challenges the sufficiency of the
evidence of the second and sixth elements.



            With respect to the second element, Appellant contends there is no evidence from which
a jury could conclude he intentionally fled from the police officers. However, both officers
testified that Appellant walked away after being questioned at the gate despite their commands to
stop. Further, testimony indicated Appellant refused to come out of the house in response to the
officer’s request. Although the record does not directly address the intent behind Apellant’s
flight, we must presume that the jury reconciled any conflicting inferences from the evidence
when they reached their guilty verdict. See Robbins v. State, 145 S.W.3d 306, 309 (Tex.App.--El Paso 2004, pet. ref’d).
            With respect to the sixth element, Appellant contends that his interaction with Officer
Varela and Sergeant Robles was nothing more than an “encounter” and argues that he was free to
terminate the conversation and walk away at any time. He further claims that the evidence was
legally insufficient to establish reasonable suspicion to connect him to any criminal activity that
would warrant an investigative detention, or that his detention was lawful. We find that the
circumstances surrounding the interaction between Appellant and the officers suggest otherwise.
            There are three distinct types of interactions between a police officer and a citizen: (1)
encounters; (2) investigative detentions; and (3) arrests. State v. Perez, 85 S.W.3d 817, 819
(Tex.Crim.App. 2002). In an encounter, an officer may ask the citizen if he is willing to answer
questions or pose questions to him if he is willing to listen. Perez, 85 S.W.3d at 819. However,
during an encounter, the citizen can terminate the interaction with the officer and walk away at
any time. Munera v. State, 965 S.W.2d 523, 527 (Tex.App.--Houston [14th Dist.] 1997, pet.
ref’d). Consensual encounters do not trigger Fourth Amendment protection if a reasonable
person would feel free to disregard the officer and end the encounter at their own will and at any
time. Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991). 
Regardless of any wrongdoing, in an encounter officers may ask the individual general questions
or ask to see and examine the individual’s identification, so long as the officer does not indicate
that compliance is required. Bostick, 501 U.S. at 434-35, 111 S.Ct. at 2386.
            By comparison, during an investigative detention, an officer is authorized to temporarily
detain an individual for investigative purposes when the officer has reasonable suspicion that the
individual could be involved in some type of criminal activity. See Balentine v. State, 71 S.W.3d
763, 768 (Tex.Crim.App. 2002). Investigative detentions are justified when, after considering
the totality of the situation, the detaining officer has specific articulable facts which, when taken
together with rational inferences from those facts, lead him to determine that the person detained
actually is, has been, or soon will be engaged in criminal activity. Balentine, 71 S.W.3d at 768. 
The controlling question is whether the actions of the officer would have made a reasonable
person feel that he was not free to decline the officer’s request or otherwise terminate the
encounter. State v. Velasquez, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999). Consensual
encounters can become investigative detentions if the officer conveys an indication that
compliance is mandatory. Velasquez, 994 S.W.2d at 679.
            Based on the evidence and his possible participation in criminal activity, a rational jury
could infer that the officers had reasonable suspicion to lawfully detain Appellant pursuant to
their noise complaint investigation. See Balentine, 71 S.W.3d at 768. Reasonable suspicion
indicating Appellant’s possible criminal activity existed when the first reports of bottles and
rocks being thrown at an officer’s squad car came over the police radio. It was bolstered when
Appellant, the first individual the officers interacted with at the party, held the front gate shut so
that the officers could not enter the house’s front yard to conduct their investigation. 
Appellant’s uncooperative attitude in helping the officers locate the homeowner further
contributed to the officers’ suspicion. The officers also clearly indicated their interaction with
Appellant was not a mere encounter by commanding him to stop and return when he began to
walk away. Additionally, Appellant recognized he was not free to leave at that time, and testified
that he thought the officers were going to arrest him. Based on the totality of the situation, a
rational jury could conclude that the officers had specific articulable facts that would necessitate
detaining Appellant to further their investigation. See Balentine, 71 S.W.3d 768, see also Boyd
v. State, 217 S.W.3d 37, 43 (Tex.App.--Eastland 2006, pet. ref’d)(stating an individual could be
charged with evading arrest or detention when a police officer is questioning him about a noise
complaint made on his location, and the individual subsequently leaves before the officer is done
with his investigation). Viewing the evidence in a light most favorable to the verdict, a
reasonable minded juror could determine that Appellant evaded arrest when he walked away
from the police officers. The evidence was legally sufficient to support his conviction beyond a
reasonable doubt. Accordingly, Issue One is overruled.
            Appellant incorporated most of the same arguments made in Issue One in challenging
Issue Two. In addition, Appellant contends the State’s witnesses, Officer Varela and Sergeant
Robles, gave conflicting testimony. On the other hand, he contends that the testimonies offered
by the defense’s witnesses, although “not exactly alike” but “largely similar” was not impeached
and should have been given more weight by the jury. We must defer to the jury’s judgment with
respect to the credibility given to eyewitness testimonies. Johnson v. State, 176 S.W.3d 74, 78
(Tex.App.--Houston [1st Dist.] 2004, pet. ref’d). In the instant case, the jury gave more
credibility to the testimony given by the State’s witnesses. See Johnson, 176 S.W.3d at 78. This
Court must defer to the jury’s resolution. See Johnson, 23 S.W.3d at 7. While viewing the
evidence from a neutral perspective, we hold that the jury was rationally justified in determining
Appellant evaded arrest when he walked away from the police officers. Taken by itself, the
evidence was strong enough to support Appellant’s conviction and any contrary evidence did not
outweigh the evidence in favor of the verdict. The evidence created no manifest injustice and
was therefore factually sufficient to support Appellant’s conviction beyond a reasonable doubt. 
Issue Two is overruled.
            The trial court certified Appellant’s right to appeal in this case, but the certification does
not bear Appellant’s signature indicating that he was informed of his rights to appeal and to file a
pro se petition for discretionary review with the Texas Court of Criminal Appeals. See 
Tex.R.App.P. 25.2(d). The certification is defective, and has not been corrected by Appellant’s
attorney, or the trial court. To remedy this defect, this Court ORDERS Appellant’s attorney,
pursuant to Tex.R.App.P. 48.4, to send Appellant a copy of this opinion and this Court’s
judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to
inform Appellant of the applicable deadlines. See Tex.R.App.P. 48.4, 68. Appellant’s attorney
is further ORDERED, to comply with all of the requirements of Tex.R.App.P. 48.4.
            Accordingly, we affirm the judgment of the trial court.



August 18, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)