Affirmed and Memorandum Opinion
filed August 4, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01067-CR



Angelica
Murillo, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 15

Harris County, Texas

Trial Court
Cause No. 1667020



 

MEMORANDUM OPINION 

Appellant Angelica Murillo appeals her conviction for
interference with public duties, asserting the trial court erred in denying her
motion to quash because the charging instrument did not reflect the peace
officer’s duty.  We affirm.

Factual and Procedural
Background

Appellant was charged by information with the misdemeanor
offense of interference with public duties.  The State alleged that appellant
committed the following acts:

with criminal
negligence, namely PULLING D. SECAIDA AWAY FROM OFFICERS, interrupt, disrupt,
impede, and interfere with OFFICER R. EDWARDS, A PEACE OFFICER, WHILE R.
EDWARDS WAS PERFORMING A DUTY AND EXERCISING AUTHORITY IMPOSED AND GRANTED BY
LAW.

Appellant filed a motion to quash, claiming the
information was insufficient because the State failed to allege an essential
element of the offense—namely, the specific duty or authority imposed or
granted by law as performed by Officer Edwards when appellant committed the
alleged conduct.  According to appellant, the charging instrument failed to
fairly inform her of the charge against which she had to defend.

After a hearing on the motion, the trial court denied
appellant’s motion to quash.  Appellant entered a plea of nolo contendere.  The
trial court deferred adjudication of appellant’s guilt and placed appellant on
community supervision for six months.

Analysis

In a single issue, appellant contends the trial court
erred in overruling her motion to quash in violation of her rights under
article 21.15 of the Texas Code of Criminal Procedure.  According to appellant,
she was not fairly informed of the charge against which she was required to
defend because the information failed to allege an essential element of the
offense—the specific duty the officer was performing at the time of the alleged
unlawful conduct.  

The sufficiency of a charging instrument is a
question of law.  State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App.
2004).  When resolution of a question of law does not turn on an evaluation of
witnesses’ credibility and demeanor, a trial court’s ruling on a motion to
quash is reviewed de novo.  Id. 

A person commits the offense of interference with
public duties if that person “with criminal negligence interrupts, disrupts,
impedes, or otherwise interferes with a peace officer while the peace officer
is performing a duty or exercising authority imposed or granted by law.”  See
Tex. Penal Code Ann. §
38.15(a)(1) (West 2011).  Criminal negligence is defined as follows:

A person acts with
criminal negligence, or is criminally negligent, with respect to circumstances
surrounding his conduct or the result of his conduct when he ought to be aware
of a substantial and unjustifiable risk that the circumstances exist or the
result will occur.  The risk must be of such a nature and degree that the
failure to perceive it constitutes a gross deviation from the standard of care
that an ordinary person would exercise under all the circumstances as viewed
from the actor’s standpoint.

Tex. Penal Code Ann. § 6.03(d) (West 2011).  When criminal
negligence is an element of an offense, for a charging instrument to be
sufficient, the State must identify with reasonable certainty the act alleged to
constitute criminal negligence.  See Tex.
Code Crim. Proc. Ann. art. 21.15 (West 2009).  

Appellant had sufficient notice of the alleged
unlawful conduct from the allegations in the information.  See Boyd v. State,
217 S.W.3d 37, 40 (Tex. App.—Eastland 2006, pet. ref’d) (op. on reh’g) (reviewing
sufficiency of information in which the State alleged an accused impeded a
police investigation by pulling away from officers).  Along with stating the
date of the offense, the State alleged that appellant committed the negligent
act of “pulling D. Secaida away from officers.”  The alleged act of impeding or
interfering by “pulling away from officers” gave notice of the condemned
conduct—that pulling away impeded and interfered with officers’ duties—and also
gave notice of the act that constituted criminal negligence.  Id. at
42.  

To provide adequate notice to enable the accused to prepare
a defense, the State need not allege the specific acts of the peace officers as
an element of an offense; rather, the State should allege the accused’s unlawful
conduct.  See Moreno v. State, 721 S.W.2d 295, 300–01 (Tex. Crim. App.
1986); Aranda v. State, 640 S.W.2d 766, 770 (Tex. App.—San Antonio 1982,
no pet.) (overruling argument that motion to quash indictment should have been
granted because an element of the offense of capital murder—that the peace
officer complainant was acting in the lawful discharge of official duty—was not
correctly alleged).  In the case under review, the language in the information tracked
the precise text of article 21.15 by setting forth the act alleged to
constitute criminal negligence.  See Boyd, 217 S.W.3d at 40–41.  An
indictment or information that tracks the statutory language of the charged offense
is generally sufficient to withstand a motion to quash.  Moreno, 721
S.W.2d at 300.  No error is committed if the information requested in a motion
to quash is essentially evidentiary in nature rather than being required for
purposes of notice and bar.  Id.  We find no merit in appellant’s argument
and overrule appellant’s sole issue.

The trial court’s judgment is affirmed. 

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).